Filed 11/5/15  P. v. Stover CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>v.<br><br>CARL DAVID STOVER, JR.,<br><br>　　　　Defendant and Appellant. | A143847<br><br>(Humboldt County<br>Super. Ct. No. CR1305813) |

　　　　While awaiting trial on stalking charges, defendant Carl David Stover, Jr., participated in a supervised release program operated by the county's probation department, although the program had not been adopted pursuant to a resolution of the county board of supervisors. Following entry of his guilty plea, defendant was placed on probation with the condition that he spend one year in county jail. On appeal, defendant contends the trial court erred in denying his request for preconviction custody credits for the time he spent on supervised release. We agree that defendant was entitled to custody credits for his time on supervised release and, therefore, we shall remand the matter for recalculation of preconviction custody credits and affirm the judgment in all other respects.

### Procedural History[1]

　　　　On December 16, 2013, defendant was charged with one felony count of stalking in violation of Penal Code[2] section 646.9, subdivision (b) and one misdemeanor count of

---

[1] The facts of the underlying offense are irrelevant to the decision on appeal and are thus omitted.

disregarding a restraining order in violation of section 273.6, subdivision (a). On December 23, 2013, defendant was taken into custody and held on $110,000 bail. The following day, the court approved defendant's release into the probation department's supervised release program "under the conditions in [the probation department's] report." The probation department's report recommended the following conditions, among others: "(1) The defendant will reside at [address] . . . . The defendant agrees to remain in the above residence at all times, except those times approved by the Home Supervision Officer. [¶] (2) Defendant understands the Home Detention restrictions may be enforced by the use of computer technology. To ensure defendant's compliance with the terms and conditions of the Home Detention Electronic Monitoring program, [he] agrees to wear . . . [an] ankle bracelet/transmitter twenty-four (24) hours a day during the entire period of home detention . . . . [¶] (3) . . . [¶] (4) . . . Probation or other law enforcement officers may enter defendant's residence at any time . . . for any . . . reason involving the monitoring, inspection, verifying, or enforcing this agreement or the court's order."

Defendant was terminated from the supervised release program on May 5, 2014.

On September 17, 2014, defendant pled guilty to a lesser offense of count one, under section 646.9, subdivision (a), and to count two as charged. Consistent with the terms of his negotiated plea, the court suspended imposition of sentence and placed defendant on probation, with the condition that he serve a 365-day term in county jail. The court awarded defendant presentence custody credits of 180 days for time spent in county jail, but refused to apply an additional 131 days of presentence credit for time defendant spent in the supervised release program.

Defendant timely filed a notice of appeal from the court's denial of preconviction credits.

### Discussion

Preconviction custody credits are governed by section 2900.5, subdivision (a) which provides in relevant part that "[i]n all felony and misdemeanor convictions, either

---

[2] All statutory references are to the Penal Code unless otherwise noted.

by plea or by verdict, . . . all days of custody of the defendant, including . . . days served in home detention pursuant to Section . . . 1203.018, shall be credited upon his or her term of imprisonment . . . ."

Under section 1203.018, "the board of supervisors of any county may authorize the [sheriff, probation officer, or director of the county department of corrections] . . . to offer a program under which inmates being held in lieu of bail in a county jail or other county correctional facility may participate in an electronic monitoring program." (§ 1203.018, subd. (b), citing subd. (k)(1).) The statute leaves the terms of the electronic monitoring program to the discretion of county authorities, but, at a minimum, the rules and regulations of the program must require that the participant "remain within the interior premises of his or her residence during the hours designated by the correctional administrator" and "admit any person or agent designated by the correctional administrator into his or her residence at any time for purposes of verifying the participant's compliance with the conditions of his or her detention." (§ 1203.018, subds. (d)(1) & (d)(2).) The statute allows for the use of "global positioning system devices or other supervising devices for the purpose of helping to verify the participant's compliance with the rules and regulations of the electronic monitoring program." (§ 1203.018, subd. (d)(3).)

The board of supervisors in Humboldt County has not specifically authorized the home detention program into which the probation department placed defendant. Defendant thus was not placed into a home detention program "*pursuant to*" section 1203.018 since the board of supervisors never adopted such a program. Accordingly, defendant was not entitled to custody credits under the literal language of section 2900.5. (See *People* v. *Lapaille* (1993) 15 Cal.App.4th 1159, 1165 ["home detention program" listed as example of "custody" under former section 2900.5, subdivision (a), included only specific electronic monitoring program established under section 1203.016.].)

Nonetheless, defendant argues that because the terms and conditions of his release under the county's supervised release program mirror the terms and condition of a home

detention program under section 1203.018, he is entitled to custody credits under the equal protection clauses of the United States and California Constitutions. We agree.

In *People* v. *Lapaille*, *supra*, 15 Cal.App.4th at pages 1169-1170, the court held that a defendant in a home detention program that was "as custodial, or restraining" as the statutory electronic home detention program enumerated in section 2900.5 was entitled to custody credits, under principles of equal protection. The court found the "only real difference[]" between the defendants home detention and the statutory electronic monitoring program was the method for verifying a defendant's whereabouts; the latter involved electronic tracking, while the former involved "telephone calls to the residence." (*Id*. at p. 1170.) The court concluded that this "procedural difference[]" was not a legitimate basis "for treating defendant differently from those placed in electronic home detention programs." (*Ibid*.) The court also found irrelevant the fact that electronic home detention was based "on a statutory program," while defendant's detention was "based at home under [own recognizance] release." (*Ibid*.)

In *People v. Pottorff* (1996) 47 Cal.App.4th 1709 defendant also challenged, on equal protection grounds, the court's denial of preconviction custody credits for home detention under section 2900.5. The court observed that "to show that he is similarly situated with respect to these purposes, appellant must show that 'his confinement to his home was as custodial' " as the confinement of participants in the statutorily authorized program. (*Id* at p. 1715.) The court found that defendant had not met this burden: "Here, the court simply required appellant generally to 'remain at home' and have 'regular contact' with the Project. As implemented, the latter condition required appellant to contact the Project only twice a week by telephone and once a month in person. By contrast, a participant in an electronic home monitoring program must 'be supervised' [citation] and must, *at minimum*, abide by the following restrictions: (1) '[r]emain within the interior premises of his or her residence during the hours designated by the correctional administrator'; (2) '. . . admit any person or agent designated by the correctional administrator into his or her residence at any time for purposes of verifying [his or her] compliance with the conditions of . . . detention'; and (3) '. . . agree to the use

4

of electronic monitoring or supervising devices for the purpose of helping to verify his or her compliance with the rules and regulations of the home detention program.' " (*Id*. at p. 1716.)

In this case, there is no meaningful difference between the conditions imposed by the court under the supervised release program and the statutory requirements. The record establishes that the probation department's supervised release program is "as custodial" as the home detention program authorized by section 1203.018. Indeed, even the probation department's supervised release report repeatedly refers to its program as "home detention." The People's arguments to the contrary are not persuasive.

Initially, the People argue that the absence of an official section 1203.018 program in the county necessarily defeats defendant's equal protection challenge: "Although [defendant] had the burden of showing that section 1203.018 participants and persons subject to electronic monitoring as a condition of supervised own recognizance are similarly situated, he did not make even a threshold showing that Humboldt County has authorized its correctional administrator to offer a home detention program or adopted rules and regulations governing the operation of such a program. Since [defendant] has not established the existence of a section 1203.018 program in Humboldt County, or the rules and regulations applicable to any such program, he also cannot show that the conditions of his supervised own recognizance release were 'as custodial, or restraining' as the confinement of section 1203.018 participants, assuming there are any such participants in Humboldt County." Defendant's participation in the county's supervised release program, as ordered in this case, however, satisfies the requirements of a home detention program under section 1203.018. While the board of supervisors has not passed a resolution authorizing the probation department program, there is no dispute that the program satisfies the requirements of the statute. The absence of a board of supervisors resolution does not defeat the equal protection analysis.

The People also contend that defendant was not entitled to custody credits because he was not "an inmate held in lieu of bail" within the meaning of section 1203.018 because the supervised release program is "similar to release on one's own

5

recognizance." The record establishes, however, that defendant was being held in custody prior to his release and bail had been set. Thus, he was released from jail, into the program, in lieu of bail.

The People argue that "there is no indication in the record that [defendant] was ever advised of or ordered to follow these conditions. Nor does the record contain [defendant's] consent and agreement in writing to participate in the program and comply with the rules and regulations, as required by section 1203.018." The court's minute order, however, indicates that defendant was released pursuant to the conditions recommended by the probation department and the sentencing report filed by the probation department indicates that defendant was actually supervised while in the supervised release program. In the absence of any evidence to the contrary, we presume defendant was properly advised on the terms of his release. (Evid. Code, § 664.)

Finally, the People argue that defendant's supervised release program was not "as custodial" as the statutory program because, as implemented, he was not required to remain at his residence at all times. The People rely on the probation officer's statement in the trial court that while on supervised release "defendant was basically free to come and go as he pleased." However, the statutory requirement that the participant "remain within the interior premises of his or her residence" applies only "during the hours designated by the correctional administrator." (§ 1203.018, subd. (d)(1)).[3] The conditions of defendant's release required that he "remain in the above residence at all times, except those times approved by the Home Supervision Officer." The record contains no indication of what time restraints the probation department imposed on defendant's absence from his home, but there is no suggestion that defendant failed to comply with whatever limitations the department specified. To the contrary, the probation

---

[3] Section 1203.018, subdivision (d) provides that as a condition of participation in the electronic monitoring program, the participant must agree "to comply with the rules and regulations of the program, including . . . [¶] . . . the participant shall remain within the interior premises of his or her residence during the hours designated by the correctional administrator."

6

department's sentencing report states that "[d]uring the five months defendant was on supervised release, he was mostly compliant with the program. It appears that he reported regularly; however, it was noted several times that defendant had tampered with his electronic monitoring device." While the probation department may have permitted defendant considerable freedom of movement outside of his premises, there is no question that under the statute he would have been entitled to custody credit for the period he was subject to supervision and electronic monitoring, regardless of the laxity of the probation department's demands, had the department's program been explicitly authorized by a board of supervisors resolution. The absence of such a resolution does not negate the equal protection analysis. A defendant's entitlement to custody credits cannot be dependent on how rigidly an individual probation officer exercises the officer's supervisorial discretion so long as the defendant complies with the probation officer's conditions.

Accordingly, as a matter of equal protection, defendant is entitled to the same custody credits for the period of his preconviction restriction under the probation department's supervised release program as those individuals subject to identical restrictions under a program authorized by a board of supervisors resolution.

## Disposition

The judgment is reversed as to the award of custody credits pursuant to section 2900.5, subdivision (a), and the case is remanded so that the trial court can determine the number of days of additional preconviction custody credit to which defendant is entitled. In all other respects, the judgment is affirmed.

_____
Pollak, Acting P.J.

We concur:


_____
Siggins, J.


_____
Jenkins, J.

A143847